**Mary CANNON, Plaintiff–Appellant,**

v.

**MACON COUNTY, a political subdivision of the State of Alabama; Robin Collins; Elbert Dawson, Mike Knowles, individually, and Macon County, a political subdivision of the State of Alabama, Defendants–Appellees.**

No. 92–6200.

United States Court of Appeals, Eleventh Circuit.

March 7, 1994.

John L. Cottle, III, Bowles & Cottle, Tallassee, AL, for plaintiff-appellant.

Jock M. Smith, Tuskegee Institute, AL, for defendants-appellees.

*ON PETITIONS FOR REHEARING*

(Opinion Sept. 17, 1993, 11th Cir., 1 F.3d 1558)

Before ANDERSON, Circuit Judge, FAY * and RONEY, Senior Circuit Judges.

PER CURIAM:

Upon consideration of petitions for rehearing filed by Plaintiff/Appellant Mary Cannon and Defendant/Appellee Robin Collins, the Court orders that its opinion be modified in the following manner:

The third and fourth sentences of the last paragraph beginning on 1 F.3d at 1564 through page 1565 are deleted and in their place are inserted the following quoted language from *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987):

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful* ...; but it is to say that in light of preexisting law the unlawfulness must be apparent.

483 U.S. at 640, 107 S.Ct. at 3039 (citation omitted; emphasis added by this Court).

Because the panel believes the opinion is correct in all other respects, the petitions for rehearing are denied.