15 F.3d 1022
 Mary CANNON, Plaintiff-Appellant,
v.
MACON COUNTY, a political subdivision of the State of
Alabama; Robin Collins; Elbert Dawson, Mike Knowles,
individually, and Macon County, a political subdivision of
the State of Alabama, Defendants-Appellees.
 No. 92-6200.
 United States Court of Appeals,
Eleventh Circuit.
 March 7, 1994.
 
 John L. Cottle, III, Bowles & Cottle, Tallassee, AL, for plaintiff-appellant.
 Jock M. Smith, Tuskegee Institute, AL, for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama (No. CV90-V-01132-E), Robert E. Varner, Judge.
 ON PETITIONS FOR REHEARING
 (Opinion Sept. 17, 1993, 11th Cir., 1 F.3d 1558)
 Before ANDERSON, Circuit Judge, FAY* and RONEY, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Upon consideration of petitions for rehearing filed by Plaintiff/Appellant Mary Cannon and Defendant/Appellee Robin Collins, the Court orders that its opinion be modified in the following manner:
 
 
 2
 The third and fourth sentences of the last paragraph beginning on 1 F.3d at 1564 through page 1565 are deleted and in their place are inserted the following quoted language from Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987):
 
 
 3
 The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ...; but it is to say that in light of preexisting law the unlawfulness must be apparent.
 
 
 4
 483 U.S. at 640, 107 S.Ct. at 3039 (citation omitted; emphasis added by this Court).
 
 
 5
 Because the panel believes the opinion is correct in all other respects, the petitions for rehearing are denied.
 
 
 
 *
 See Rue 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit